## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONARD KOSMALSKI,

          *Plaintiff,*

    v.

PROGRESSIVE PREFERRED
INSURANCE,

          *Defendant.*

CIVIL ACTION
NO. 17-5726

**PAPPERT, J.**                                                       **May 2, 2018**

## MEMORANDUM

Leonard Kosmalski sued Progressive for breach of contract and bad faith related to his underinsured motorist ("UIM") claim. Progressive removed the case and moved to dismiss Count II, the bad faith claim. For the reasons below, the Court grants the motion with leave to file an amended complaint.

### I

On June 14, 2017, Kosmalski was injured in a motorcycle accident caused by the negligence of an allegedly underinsured motorist. (Compl. ¶¶ 6, 8, 9.) Kosmalski was insured by Progressive under a motorcycle policy containing underinsured motorist coverage with limits of $25,000 per person. (*Id.* ¶ 5; Compl., Ex. A at 3.) He contends that although he has "fully complied with all of the terms" of the policy and "demanded uninsured motorist benefits in the amount of the Policy limits," Progressive refused to "pay reasonable underinsured motorist benefits" as required by the policy. (Compl. ¶¶ 16–19.) Kosmolski maintains that he is entitled to the full $25,000 in uninsured motorist benefits. (*Id.* at ¶ 25.)

1

Kosmalski further claims that Progressive acted in bad faith by unreasonably refusing to pay the full policy limits of his underinsured motorist coverage and, among other things, failing to (1) evaluate his claim objectively and fairly, (2) complete a prompt and thorough investigation of his claim, (3) pay for his loss in a prompt and timely manner, (4) reasonably and adequately evaluate or review the medical documentation, and (5) keep him fairly and adequately advised on the status of his claim. (Compl. ¶ 31.) Kosmalski does not, however, support these conclusory allegations with any actual facts regarding Progressive's communications, investigation, responses or offer(s) of payment.

## II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches

only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

III

A

Pennsylvania's bad faith statute provides that the court may award interest, punitive damages, and attorney's fees if it "finds that the insurer has acted in bad faith toward the insured[.]" 42 Pa. Cons. Stat. § 8371. Courts have defined "bad faith" as "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (citation omitted).

Various actions by an insurer can rise to the level of bad faith, such as "lack of investigation into the facts[ ] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 668–69 (W.D. Pa. 2012); *Corch Const. Co. v. Assurance Co. of Am.*, No 1250-C, 2003 WL 23473924 (Pa. Commw. Ct. 2003) (Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue.");

3

*see also Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). However, "mere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (citing *Frog, Switch & Mfg.*, 193 F.3d. at 751 n.9).

Courts in this Circuit have routinely dismissed bad faith claims reciting only "bare-bones" conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015).

B

Kosmalski's allegations are insufficient to state a claim for bad faith. Though he contends he is entitled to UIM benefits which Progressive has failed to pay, he offers only conclusory, unsupported assertions about Progressive's conduct. (Compl. ¶ 19.) As the Third Circuit has held, an insurer's low, but reasonable estimate of damages or loss does not constitute bad faith. *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 n.22 (3d Cir. 2005) (internal citation omitted); *see also Camp*, 2016 WL 3181743, at *6 ("[F]ailure of an insurer to 'immediately accede to a demand for the policy limit cannot, without more, amount to bad faith.'" (quoting *Smith*, 506 F. App'x at 136)).

Absent additional facts regarding Kosmalski's insurance claim and the accompanying investigation, negotiations, or communications in support of the

contention that Progressive's conduct was unreasonable and reskless, the Court is unable to infer bad faith on the part of Progressive. *See Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at \*4 (E.D. Pa. June 24, 2014) (Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." (citation omitted)). The Court therefore grants Progressive's motion with leave to file an amended complaint on or before May 18, 2018.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.
